## James G. Bunt administrator v. Isaac Jones.

*Claim by a husband against his wife's estate.*

A husband assigned to his wife a judgment recovered by him, but after her death he filed a claim against her estate for the money received on it as for money received to his use. It did not appear that she had received it on any trust in his favor, or that she owed him anything. *Held*, that in respect to this transaction the husband and wife were one in law unless he gave her the money or paid it to her on a part or concurrent consideration. If they were one, an *assumpit* could not arise between them; if the money were given or paid to her it was hers unconditionally and there was nothing to support an *assumpsit* from the wife to the husband.

Error to Hillsdale. Submitted Jan. 14. Decided Jan. 26.

Appeal from allowance by commissioners on an estate. The administrator brings error. Reversed.

*George A. Knickerbocker* for plaintiff in error.

*Shepard & Fowle* and *E. L. Koon* for defendant in error.

Graves, J. The defendant in error, having obtained judgment against a railroad company for several hundred dollars, made an assignment of it to his wife, who received the money, and after her death he preferred a claim against her estate therefor as money received to his use. The commissioners allowed the claim and the administrator appealed. On the trial in the circuit court the claimant put these papers in evidence :

"Hillsdale, Mich., May 12, A. D. 1873.

"Received of A. Dickerman seven hundred and six dollars and twenty-one cents in full for money due me upon judgment of Isaac Jones against the Detroit, Hillsdale & Indiana Railroad Company.　　　　Sarah Jones."

"I acknowledge satisfaction of the above amount, and ratify the action of my wife having heretofore sold and assigned said judgment to her.　　　　Isaac Jones."

The money here specified is the same sought to be recovered. In addition to the evidence supplied by the papers the claimant was allowed to show that on two or three occasions his wife said that the money was assigned to her because he would waste it in drink, and she could take better care of it than he could. On the part of the administrator it was shown among other things that she expressly denied that he had any interest, and told him she owed him nothing.

The circuit judge refused to direct a finding for the plaintiff in error, and submitted the case on the assumption that a verdict might be given for the claimant on the theory that the money was received and held by Mrs. Jones on a trust in his favor, and the jury allowed him $191.44. We cannot assent to this view of the case.

The husband and wife in respect to this transaction were in law one person, unless the money was a gift, or was a payment made to her on account of a present or prior consideration. If the relation was that first mentioned it was not possible for an *assumpsit* to arise from one to the other. *Jenne v. Marble* 37 Mich. 319. If it was a case of gift, or a case of payment made on a concurrent or antecedent consideration, then there was nothing to give rise to an *assumpsit* from the wife to the husband. The money belonged to her unconditionally. The transaction must have borne one of these characters and there was no basis for implying a cause of action on any theory of trusts.

The judgment must be reversed with costs and a new trial granted.

MARSTON, C. J. and CAMPBELL, J. concurred.

COOLEY, J. did not sit in this case.